# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| REGINALD JOHNSON and | * | |
| PHYLLIS JOHNSON | * | |
| | * | CIVIL ACTION NO.: |
| VERSUS | * | |
| | * | JUDGE |
| CHASE J. DARBONNE, PROGRESSIVE | * | |
| INSURANCE COMPANY, DOMINO'S | * | |
| PIZZA, LLC, and GREAT AMERICAN | * | MAGISTRATE |
| INSURANCE COMPANY | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR REMOVAL

NOW INTO COURT, through undersigned counsel, comes the defendant, Great American Insurance Company ("defendant"), which with respect states:

1.

This action has been brought in the Thirty Second Judicial District Court for the Parish of Terrebonne, State of Louisiana by service of a Petition for Damages and a Citation on Great American Insurance Company. The action brought in the Thirty Second Judicial District Court for the Parish of Terrebonne, under docket number 178530, Division "A", is entitled, "*Reginald Johnson and Phyllis Johnson versus Chase J. Darbonne, Progressive Insurance Company, Domino's Pizza, LLC, and Great American Insurance Company.*"

2.

This action is a civil action brought by plaintiffs, Reginald Johnson and Phyllis Johnson, seeking to recover damages, as alleged in plaintiffs' Petition for Damages.[1]

---

[1] *See* plaintiffs' Petition for Damages, attached hereto as Exhibit 1.

3.

According to the allegations in plaintiffs' Petition, this Court has diversity jurisdiction over this matter under 28 U.S.C. §1332 because this action involves a controversy that is wholly between citizens of different states.[2] The plaintiffs, Reginald Johnson and Phyllis Johnson, are persons of the full age of majority, domiciled in, and citizens of the State of Louisiana.[3]

4.

The plaintiffs named four defendants in their suit, as follows:

a) Chase J. Darbonne, who, upon information and belief, is believed to be a resident of the County of Chambers, State of Texas;

b) Progressive County Mutual Insurance Company (misidentified as Progressive Insurance Company) ("Progressive"), which is a company domiciled in the State of Texas and doing business in the State of Texas;[4]

c) Domino's Pizza, LLC ("Domino's Pizza), which is a non-Louisiana business domiciled in the State of Michigan;[5] and

d) Great American Insurance Company ("Great American"), a company that was incorporated in the State of Ohio, and that is domiciled at 301 East Fourth Street, Cincinnati, Ohio 45202.[6]

5.

Plaintiffs allegedly sustained damages, including past, present, and future medical expenses; past, present, and future pain and suffering; past, present, and future mental anguish and distress; past, present, and future loss of life's pleasures; past, present, and future disabilities

---

[2] *Id.*

[3] *Id.*

[4] *See,* Texas Department of Insurance Printout for Progressive County Mutual Insurance Company, attached hereto as Exhibit "2".

[5] *See,* Louisiana Secretary of State Corporate Database Printout for Domino's Pizza, attached hereto as Exhibit "3".

[6] *See,* Ohio Secretary of State Corporate Database Printout for Great American, attached as Exhibit "4"; *see also,* Louisiana Department of Insurance Detail for Great American Insurance Company, attached hereto as Exhibit "5".

and/or residual permanent impairment; and loss of enjoyment and quality of life, including any and all disability.[7]

6.

At the time of the filing of plaintiffs' Petition for Damages, and at the time of service of the Petition and a Citation upon Progressive, Domino's Pizza, and Great American,[8] federal diversity jurisdiction under 28 U.S.C. §1332 did not exist, because the Petition did not allege a specific amount of damages, nor did the Petition allege that the plaintiffs' damages, either individually or collectively, exceeded the minimum required to establish federal diversity jurisdiction.[9] Thus, at the time of the filing of the Petition and service upon the defendants, the amount in controversy was not established, and this case was not removable under 28 U.S.C. §1332.

7.

On February 8, 2017, undersigned counsel requested that plaintiffs' counsel execute a stipulation for each plaintiff, agreeing that the damages of each plaintiff did **not** exceed $75,000.00.[10]  Plaintiffs' counsel was given until noon on February 10, 2017, to provide the executed stipulations; otherwise, undersigned counsel advised that he would proceed with removing this suit to federal court.[11]

---

[7]   *See*, ¶ 12 of Plaintiffs' Petition, attached hereto as Exhibit 1.
[8]   According to the Clerk of Court for the 32nd Judicial District Court, Chase J. Darbonne has not been served yet.
[9]   *See*, Petition, attached hereto as Exhibit 1.
[10]  *See*, correspondence to plaintiffs' attorney dated February 8, 2017, forwarding proposed stipulations for each plaintiff, attached hereto as Exhibit "6" *in globo*.
[11]  *Id.*

8.

As of noon on February 10, 2017, plaintiffs' counsel had not provided the executed stipulations, thus indicating that the damages of each plaintiff exceeded $75,000.00, or the minimum required to establish federal diversity jurisdiction.

9.

Defendant in no way admits that the damages of either plaintiff exceed $75,000.00. However, based upon plaintiffs' failure to execute the proposed stipulations (agreeing that the damages of each plaintiff were less than $75,000.00), it is clear that the plaintiffs are seeking damages in excess of $75,000.00, which satisfies the amount in controversy requirement. Accordingly, this case became removable on February 10, 2017, as the parties were completely diverse, ***and*** the amount of damages in controversy was established to be in excess of $75,000.00.

10.

Defendants, Chase J. Darbonne, Progressive, Domino's Pizza, and Great American, consent to the removal of this case from the Thirty Second Judicial District Court for the Parish of Terrebonne, State of Louisiana, to the United States District Court for the Eastern District of Louisiana.[12]

---

[12] *See*, email from the attorney for Progressive and Domino's Pizza, Charles Giordano, consenting to removal, attached hereto as Exhibit "7". Although Chase J. Darbonne has not been served yet, Progressive's attorney has indicated that it will be representing Darbonne if and at such time that he is served with the Petition, as well as Domino's Pizza in this case.

11.

Removal of this matter is timely, because the thirty-day removal period was triggered on February 10, 2017, when plaintiff failed to stipulate that the amount each were seeking was less than $75,000.00.

12.

Pursuant to the provisions of 28 U.S.C. §1441, *et seq.,* this case has been removed to United States District Court for the Eastern District of Louisiana.

13.

Simultaneously with the filing of this Complaint, written notice of removal is being given to all adverse parties and a copy of this Complaint and a Notice of Removal will be filed with the Clerk of Court for the Thirty Second Judicial District Court for the Parish of Terrebonne, State of Louisiana, to effect a removal of this civil action to this Honorable Court, as provided by law.

**WHEREFORE,** defendant prays that this Complaint for Removal be accepted as good and sufficient, that the aforesaid civil action be removed from the Thirty Second Judicial District Court for the Parish of Terrebonne, State of Louisiana, to this Honorable Court for trial and determination as provided by law, and that this Court enter such Orders and issue such processes as may be proper to bring before it copies of all records and proceedings of such civil action from the Thirty Second Judicial District Court for the Parish of Tangipahoa, State of Louisiana, and thereupon proceed with this civil action as if it had been originally commenced in this Court.

Respectfully submitted,

**WAGAR RICHARD KUTCHER TYGIER
     & LUMINAIS, LLP**

**By:**  *s/ Bradley J. Luminais, Jr.*
          **BRADLEY J. LUMINAIS, JR. (#28663)**
          **LARA J. JENSEN (#24131)**
          Two Lakeway Center - Suite 900
          3850 North Causeway Boulevard
          Metairie, Louisiana 70002
          Telephone (504) 830-3838
          ***Attorneys for Defendant, Great American Insurance
          Company***

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of February, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to persons electronically noticed.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participant.

*s/ Bradley J. Luminais, Jr.*
**BRADLEY J. LUMINAIS, JR.**